UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHIRLEY MACK; | } | |
| FREZELL MACK, | } | |
| | } | |
| Plaintiffs, | } | |
| | } | CASE NO. CV 02-B-3042-S |
| vs. | } | |
| | } | |
| SCOTT CANNON; US XPRESS | } | |
| TRUCKING COMPANY, a | } | |
| corporation, | } | |
| | } | |
| Defendants. | | |

**ENTERED**

MAR – 1 2004

## MEMORANDUM OPINION

Currently before the court is a Motion for Partial Summary Judgment filed by the defendants. (Doc. 8.) Defendants request Summary Judgment be granted on plaintiff Shirley Mack's wanton operation claim, her negligent and wanton entrustment claims, and Shirley and Frezell Mack's request for a punitive damage award.[1] Upon review of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendants' Motion for Partial Summary Judgment is due to be granted.

**I.    Factual Summary**

This case was removed from state court on diversity grounds. The claims arise as a result of a motor vehicle accident that occurred on August 8, 2001, around 10 p.m. on Interstate 59 North in Jefferson County, Alabama. (Doc. 9 at 1, 3-4.) At the time of the incident, both parties were traveling down Interstate 59 within the posted speed limit, at "about the same speed." (Doc.

---

[1] In the complaint, Shirley Mack also asserts a negligent operation claim, and Frezell Mack asserts a claim for loss of consortium. (Doc. 1.) However, defendants do not seek summary judgment on these claims. (Doc. 8.)

9, Ex. 1 at 61-62.)  Defendant Cannon's truck struck plaintiff Shirley Mack's car in the area

immediately in front of the left (driver's side) rear wheel. (Doc. 9, Ex. 1 at 62.)  Mack claims,

"[a]ll I know is the cab came over, and I heard this rubbing sound, and the car just like pushing.

It was pushing me off the road." (Pls.' Opp'n. at 5.)  When asked by Mr. Mack whether he saw

Mrs. Mack, Cannon replied, "I didn't see her, she was in the blind spot." (*Id.* at 6.)  Mack's car

left the road and came to rest on a grass shoulder next to a ditch, having never spun around or

changed direction at any time during the incident. (Doc. 9, Ex. 1 at 66-68, 82, 84.)  Cannon

testified that he never saw Shirley Mack's car prior to the incident. (Doc. 9, Ex. 2 at 17.)

Plaintiffs point out that Cannon had several mirrors on his truck, as well as a radar system

that detects vehicles when Cannon's turn signal is activated.  (Pls.' Opp'n. at 11.)  Cannon

admitted he should have seen Mack's car if she were traveling right alongside his truck. (Doc. 9,

Ex. 2 at 20.)  Cannon also admitted that Mack's vehicle was slightly in front of his truck at the

time of the accident due to the location of the damage on the vehicles. (Pls.' Opp'n. at 11.)

Cannon did not deny telling the police officer he had signaled to change lanes. (Doc. 15, Cannon

Depo. at 24.)  During his deposition he testified that he did not use his blinker. (Doc. 15, Cannon

Depo. at 23.)  For summary judgment purposes, the court must assume defendant Cannon used

his turn signal in preparation to change lanes, which should have alerted him to the presence of

plaintiff's vehicle if the Vorad system was working properly.

## II.   Argument

Plaintiff Shirley Mack  "concedes that the evidence does not sustain her claims for

negligent and wanton entrustment and that a summary judgment is due to be entered as to those

claims . . . ." (Pls.' Resp. to Mot. or Partial Summ. J. at 1.)  Therefore, defendants motion for

Summary Judgment on plaintiff's claims for negligent and wanton entrustment is due to be granted.

Defendants move for summary judgment on plaintiff Shirley Mack's wanton operation of a vehicle claim. Alabama law defines wantonness as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala. Code § 6-11-20(b)(3) (2003). "Wantonness" has been defined by the Alabama Supreme Court as "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Hornady Truck Line, Inc. v. Meadows*, 847 So. 2d 908, 915 (Ala. 2002), citing *Bozeman v. Central Bank of the South*, 646 So. 2d 601, 603 (Ala. 1994). "Reckless disregard" is defined as "[c]onscious indifference to the consequences (of an act)." Black's Law Dictionary 1276 (7th ed. 1999).

Plaintiffs cite several cases supporting their assertion that a genuine issue of material fact exists as to plaintiffs' wanton operation of a vehicle claim. In *Thrasher v. Darnell*, 156 So. 2d 922, 925 (Ala. 1963), the Court held there was a jury question as to whether defendant acted wantonly when he changed from the left lane to the right lane without seeing plaintiff's car. In *Horn v. Davis*, 228 So. 2d 767, 769 (Ala. 1969), the court held a "jury question under the wanton count was presented." However, these decisions were prior to the 1987 tort reform legislation passed in Alabama that imposed the "clear and convincing standard," which requires the plaintiff to "present 'substantial evidence' as to each element of her cause of action." *South Cent. Bell Tel. Co. v. Branum*, 568 So. 2d 795, 796 (Ala. 1990) (citation omitted); *see also* Ala. Code § 12-21-12 (2003). Plaintiffs cite a third, more recent case, *Hornady Truck Line, Inc. v. Meadows*, 847

So. 2d 908, 916 (Ala. 2002), where the court held the wantonness claim was a jury question. The facts in *Hornady* are inapposite. The defendants in *Hornady* were traveling at a high rate of speed in very wet conditions, and one defendant had a history of speeding. *Id.* at 915, 916.

The facts in cases cited by the defendant are more on point. "What constitutes wanton misconduct depends upon the facts presented in each particular case." *Ex Parte Anderson*, 682 So. 2d 467, 470 (Ala. 1996) (citations omitted). In *Ex Parte Anderson*, the defendant, believing it was safe to turn left across a lane of oncoming traffic, turned and was hit by an oncoming vehicle. *Id.* In addition to rain, defendant's view of oncoming traffic may have been obstructed by another vehicle, but the Court found no evidence that the defendant "acted 'with knowledge of danger, or with consciousness, that the doing [of the act would] likely result in injury.'" *Id.* (citing *Lynn Strickland Sales and Service, Inc. v. Aerolane Fabricators, Inc.*, 510 So. 2d 142, 145 (Ala. 1987)). In *South Cent. Bell Tel. Co. v. Branum*, 568 So. 2d 795, 798 (Ala. 1990), the defendant, while attempting to avoid hitting another vehicle drifting toward his lane, hit a pedestrian crossing the street. After a jury verdict for the plaintiff, the Supreme Court found there was not sufficient evidence to support a jury finding as to the wantonness of the driver. *Id.* In *George v. Champion Ins. Co.*, 591 So. 2d 852, 854 (Ala. 1991), a passenger sued the driver of an automobile after the driver ran a red light and collided with a vehicle turning left. The driver initially saw a green light, glanced back in conversation, then looked forward to see a red light. *Id.* The driver attempted to hit the brake, but missed and hit the clutch, resulting in a collision. *Id.* The Court concluded the facts only showed inadvertence on the part of the driver and did not provide substantial evidence of the required elements of wantonness. *Id.*

In the instant case, there is not substantial evidence to show that Cannon acted wantonly,

with conscious or reckless disregard for the safety of Mack at the time of the accident. Although Cannon may have made an improper lane change at the time of the incident, as a matter of law, the evidence does not support a claim for wantonness. For purposes of summary judgment, the court will assume that Cannon used his blinker, and that the Vorad radar system was functioning at the time of the accident. However, this is not sufficient evidence to prove Cannon acted with a reckless or conscious disregard of the safety of Mack at the time of the incident, because Cannon denies seeing Mack's car in the adjacent lane prior to the collision.

Plaintiffs have also requested punitive damages. For a plaintiff to recover punitive damages, the "plaintiff must prove, by clear and convincing evidence, that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff." Alabama Pattern Jury Instructions: Civil (APJI) 11.03 (2d ed. 1993); *see also* Ala. Code § 6-11-20(a) (2002). Because the court has determined that plaintiffs' wanton operation of a vehicle claim is due to be dismissed, their punitive damages claim is also due to be dismissed.

## III.  Conclusion

For the reasons stated herein, the court finds defendants Motion for Partial Summary Judgment is due to be granted. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this the _27th_ day of February, 2004.

*Sharon Lovelace Blackburn*

**SHARON LOVELACE BLACKBURN**
United States District Judge